J-S26027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CARLOS POMPA :
:
Appellant : No. 823 EDA 2018

Appeal from the PCRA Order March 2, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0350571-1992

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.: **FILED JULY 23, 2019**

Appellant, Carlos Pompa, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his first petition filed under the Post Conviction Relief Act ("PCRA").[1] On August 25, 1992, a jury convicted Appellant of first-degree murder, robbery, and possessing an instrument of crime. The court sentenced Appellant to life imprisonment without the possibility of parole. This Court affirmed the judgment of sentence on May 20, 1994, and our Supreme Court denied allowance of appeal on November 18, 1994. *See Commonwealth v. Pompa*, 647 A.2d 266 (Pa.Super. 1994), *appeal denied*, 539 Pa. 666, 652 A.2d 837 (1994). On August 22, 2012, Appellant filed the current PCRA

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

\* Retired Senior Judge assigned to the Superior Court.

petition. The court appointed counsel, who filed a petition to withdraw and a *Turner/Finley*[2] no-merit letter on January 12, 2018. The court issued Rule 907 notice on February 2, 2018. On March 2, 2018, the court dismissed Appellant's petition and permitted counsel to withdraw.[3] Appellant timely filed a *pro se* notice of appeal on March 14, 2018, and attached a voluntary concise statement of errors per Pa.R.A.P. 1925(b).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review, including discretionary review in the U.S. Supreme Court and the Pennsylvania Supreme Court, or upon expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented.[4] 42 Pa.C.S.A. § 9545(b)(1-2).

_____

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Due to a clerical error, the court did not enter the order permitting counsel to withdraw from representation until May 14, 2018.

[4] As of December 24, 2018, Section 9545(b)(2) now allows that any PCRA

Instantly, the judgment of sentence became final on February 16, 1995, following expiration of the 90 days for filing a petition for *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current petition on August 22, 2012, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception per Section 9545(b)(1)(iii), claiming the **Miller/Montgomery**[5] cases afford him relief. Appellant, however, was 27 years old at the time of his offense so the **Miller/Montgomery** cases do not apply to him. Moreover, this Court has previously rejected the "technical juvenile" argument that **Miller/Montgomery** relief should be extended to individuals over the age of 18 because a person's brain is not fully developed until the mid-twenties. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa.Super. 2016) (rejecting "technical juvenile" argument for 19 year old appellant). Therefore, Appellant's current petition remains time-barred. Accordingly, we affirm.

Order affirmed.

---

petition invoking a timeliness exception must be filed within **one year** of the date the claim first could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment does not apply to Appellant's case, which arose before the effective date of the amendment.

[5] **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/19